UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELAINE WALCZYK, et al.,

        Plaintiffs,                                Case No. 22-11611

vs.                                                  HON. MARK A. GOLDSMITH

STANDARD FUEL ENGINEERING COMPANY

        Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (Dkt. 7)

Before the Court is a motion to remand filed by Plaintiffs in each of seven asbestos personal injury actions. Defendants are Standard Fuel Engineering Company in all seven cases and Spence Brothers in two cases. For the reasons that follow, the Court grants Plaintiffs' motion (Dkt. 7) and remands these cases to Wayne County Circuit Court.[1]

---

[1] Plaintiffs are Larry Barber (deceased) and Lana Barber as the personal representative for his estate (Case No. 22-11601, Barber et al. v. Standard Fuel Engineering Company, et al.); Earl Beatty (deceased) and Carol Beatty as the personal representative for his estate (Case No. 22-11604, Beatty et al. v. Standard Fuel Engineering Company); Donald and Cynthia Esper (Case No. 22-11609, Esper et al. v. Standard Fuel Engineering Company, et al.); Robert McCaul (deceased) and Scott McCaul as the personal representative for his estate (Case No. 22-11602, McCaul et al. v. Standard Fuel Engineering Company, et al.); Gladys Henni as personal representative for the estate of Carl Henni (Case No. 22-11608, Henni v. Standard Fuel Engineering Company); Robert Kachman as personal representative for the estate of Nicholas Kachman (Case No. 22-11610, Kachman v. Standard Fuel Engineering Company); and Elaine Walczyk as personal representative for the estate of Richard Walczyk (Case No. 22-11611, Walczyk et al. v. Standard Fuel Engineering Company). Standard Fuel is a Defendant in all seven actions, and Spence is a Defendant in Barber and McCaul.

Because oral argument will not aid the Court's decision, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). The motions are nearly identical in substance in all seven actions. See Barber Mot. (Dkt. 7); Beatty Mot. (Dkt. 8); Esper Mot. (Dkt. 9); McCaul Mot. (Dkt. 8); Henni Mot. (Dkt. 8); Kachman Mot. (Dkt. 7); Walczyk Mot. (Dkt 7). Defendants

I. BACKGROUND

Plaintiffs filed several personal injury lawsuits in Wayne County Circuit Court alleging that Plaintiffs or Plaintiffs' decedents developed mesothelioma, lung cancer, or asbestosis as a result of exposure to asbestos contained in the products of over 100 defendants. See Mot. at 1–2. It is uncontested that these claims were exclusively based in state law. See id.; Br. in Supp. Resp. at 12–14. Plaintiffs' complaints alleged exposure to asbestos both before and after December 5, 1980, subject to further discovery. See, e.g., Barber Compl. at PageID.34 (alleging periods of asbestos exposure from 1966–1968, 1964–1966, and 1968–2001, "subject to further discovery").

Multiple defendants in those actions, including Standard and Spence, settled with Plaintiffs and were dismissed from Plaintiffs' actions. Id. at 2.

Plaintiffs later learned that Defendants' insurer intended to report the settlements to the Centers for Medicare & Medicaid Services (CMS) as involving post-1980 asbestos exposures. Br. in Supp. Mot. at 9–10 (citing 6/9/22 Email (Dkt. 7-1)). Under Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 (MMSEA Section 111), the Medicare Secondary Payer Act, 42 U.S.C. § 1395y (MSPA), requires that insurers report certain details of any settlement arising out of asbestos exposure to CMS. 42 U.S.C. § 1395y(b)(8). An insurer who fails to comply with the reporting requirements "may be subject to a civil money penalty of up to $1,000 for each day of noncompliance with respect to each claimant." § 1395y(b)(8)(E)(i). As authorized by 42 U.S.C. § 1395y(b)(8)(H), CMS allows for an exception to this reporting obligation when all of multiple criteria are satisfied, including that "[e]xposure, ingestion, or an implant on or after December 5, 1980, has not been claimed in the most recently amended operative

---

also filed nearly identical responses in each action, see, e.g., Barber Resp. (Dkt. 9); and Plaintiffs filed nearly identical replies in each action, see, e.g., Barber Reply (Dkt. 10).

complaint (or comparable supplemental pleading) and/or specifically released . . . ." 8/19/14 CMS Directive, "Liability Insurance (Including Self-Insurance): Exposure, Ingestion, and Implantation Issues and December 5, 1980" at PageID.193–195 (Dkt. 1-1).[2]

Plaintiffs filed a motion for injunctive relief in Wayne County, arguing that Defendants were bound by their settlement agreements establishing that there were no post-1980 exposures. Id. at 2–3 (citing Pl. Mot. for Inj. Relief (Dkt. 7-2)). The motion sought to enjoin Defendants from reporting the settlements to CMS, arguing that "Defendants ha[d] no duty under any scenario to report pre-1980 exposure." Pl. Mot. Inj. Relief at 5 (emphasis modified). Defendants filed a response arguing that—because Plaintiffs' most recent complaints alleged that asbestos exposure occurred both pre-and post-1980—Defendants had a duty to report the settlements to CMS under § 1395y(b) regardless of whether discovery revealed only pre-1980 asbestos exposure. Br. in Supp. Resp. at 2 (citing Def. Resp. to Mot. Inj. Relief at PageID.197–211 (Dkt. 1-1)).

Defendants subsequently filed notices of removal to this Court, asserting federal-question jurisdiction under 28 U.S.C. § 1331. See Notice at 5 (Dkt. 1). They request that the Court determine "whether defendants have a duty under the MSPA, its implementing regulations, and statutorily permitted CMS guidelines." Id. at 13 (citing Federal Declaratory Judgment Act, 28 U.S.C. § 2201). More specifically, they "request that this Court determine the extent of defendants' duty, if any, under federal law to report the settlements in the underlying actions to CMS where the complaints allege post-1980 asbestos exposure, despite the fact that discovery has not revealed post-1980 asbestos exposure, and determine whether the discovery brochures generally utilized in asbestos litigation, and used in the underlying cases, constitute a 'comparable

---

[2] Defendants attached several exhibits to their notice of removal in a single filing (Dkt. 1-1). The Court cites to these documents individually by PageID.

supplemental pleading' under the CMS directive, such that there is no duty to report." Br. in Supp. Resp. at 11.

Now before the Court are Plaintiffs' motions to remand these cases to Wayne County Circuit Court.

## II. ANALYSIS

Defendants may remove an action from a state court to a federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). The party seeking removal bears the burden of demonstrating that the district court has jurisdiction. See Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2005). "[T]he removal statute should be strictly construed and all doubts resolved in favor of remand." Id. at 550 (punctuation modified).

District courts are courts of limited jurisdiction that "possess only that power authorized by Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Absent diversity of citizenship, federal-question jurisdiction is required" for a district court to have original jurisdiction. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank, 522 U.S. 470, 475 (1998) (punctuation modified).

Defendants submit that this Court has federal-question jurisdiction because Plaintiffs' state-law claims implicate substantial federal issues under Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005). See Notice at 5. Under the substantial federal question doctrine, a state-law claim invokes federal-question jurisdiction if (i) the "state-law claim necessarily raise[s] a stated federal issue," (ii) the federal issue is "actually disputed and

4

substantial," and (iii) the federal issue is one "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314.

Defendants cannot satisfy the first prong of this analysis. They do not attempt to identify a federal issue inherent in the claims alleged in Plaintiffs' complaint; rather, they concede that "plaintiffs' original complaints allege solely state-law claims." Br in Supp. Resp. at 12; see also id. at 14 (stating that state-law claims in Plaintiffs' complaints "are not at issue here"). Defendants consider it sufficient for federal-question jurisdiction that "Plaintiffs' post-judgment motion for injunctive relief necessarily raises a disputed federal issue." Id. at 13. In Defendants' view, "the removal statute, 28 U.S.C. §1446(b)(3), specifically permits removal based on a motion, even where the complaint itself does not provide a basis for removal." Id. at 12–13 (citing 28 U.S.C. §1446(b)(3) ("Except as provided in subsection (c) [setting one-year time limit for removal based on diversity jurisdiction], if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); Groh v. Groh, 889 F. Supp. 166, 171, 168 (D.N.J. 1995)).

Plaintiffs contend that 28 U.S.C. §1446(b)(3) "merely refers to the timeliness of a removal filing," whereas 28 U.S.C. § 1441(a) establishes whether or not a case is removable. Reply at 2 (citing § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such

action is pending")). Plaintiffs insist that "[o]riginal federal question jurisdiction is determined based upon a plaintiff's cause of action." Id. at 2.

Plaintiffs are correct on this point, necessitating a finding that this Court has no subject-matter jurisdiction over these cases. A district court lacks federal-question jurisdiction where "[t]here is no federal issue, substantial or otherwise, embedded in any of the state-law claims." Ohio ex rel. Skaggs v. Brunner, 629 F.3d 527, 531 (6th Cir. 2010) (citing Grable, 545 U.S. at 313). Where "[t]here is no federal issue necessarily raised by Plaintiff's claims[,] . . . Defendants have not met their burden under the first Grable prong." Gen. Mill Supply Co. v. Great Lakes Water Auth., No. 18-cv-13255, 2019 WL 2714850, at *3 (E.D. Mich. May 6, 2019) (granting motion to remand); see also Bell v. Lockwood, Andrews & Newnam, P.C., No. 16-10825, 2016 WL 9776140, at *2–3 (E.D. Mich. Apr. 13, 2016) (finding no subject-matter jurisdiction under substantial federal question doctrine and granting motion to remand where the court "d[id] not read Plaintiff's complaint to claim that Defendant's duty [was] to be measured by compliance with [federal law], but rather that Defendant had a duty to exercise reasonable care [under state law]").

In support of their position that this Court may assert federal-question jurisdiction based not on claims in the complaints but instead on Plaintiffs' post-judgment motions, Defendants cite a single out-of-circuit case, Groh. But that case does not support a finding of jurisdiction here. The complaint in Groh alleged state-law claims seeking relief relating to the dissolution of the parties' marriage, and the plaintiff subsequently filed a motion seeking sequestration of his benefits under the federal Employee Retirement Income Security Act of 1974 (ERISA). 889 F. Supp. at 167. The court stated that it "may have subject matter jurisdiction to address the ERISA issue raised in this matter," but it found that the state court was competent to hear the issue, and it remanded to that court based on the untimeliness of the defendant's notice of removal. Id. at 171

6

The statute on which Defendants rely allows for removal when a paper filed subsequent to a complaint makes it "ascertainable" that the district court has original jurisdiction. 28 U.S.C. § 1446(b)(3). This could occur "if a case were not removable at the outset," but was "rendered removable by virtue of a change in the parties or other circumstance revealed in a newly-filed 'paper' . . . ." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005) (finding that plaintiff's abandonment of claims against one defendant created diversity of citizenship between parties and thus allowed for removal under § 1446(b)(3)); see also Rea v. Michaels Stores Inc., 742 F.3d 1234, 1238 (9th Cir. 2014) (finding that change in law that disallowed plaintiffs from disclaiming recovery over a certain amount meant that plaintiffs' claims newly satisfied the Class Action Fairness Act's amount-in-controversy requirement, thus allowing for removal under § 1446(b)(3)).

Courts have rejected the argument presented by Defendants here: that the filing of a subsequent paper can create federal question jurisdiction under § 1446(b)(3) even where plaintiffs' claims do not raise a federal issue. See, e.g. Cnty. of Chesterfield, Virginia v. Lane, No. 3:18CV354, 2018 WL 6729800, at *3, *5–6 (E.D. Va. Dec. 21, 2018) (rejecting argument that court had jurisdiction under § 1446(b)(3) based on email sent by plaintiff's counsel allegedly evidencing an organized effort to shut down a church because "the well-pleaded complaint rule requires that a federal question be presented on the face of the plaintiff's properly pleaded complaint, . . . and the County's Petition raises only issues of state and local law") (punctuation modified); Wenger v. Town of Easton, No. 13-cv-695 MPS, 2013 WL 5445320, at *2–3 (D. Conn. Sept. 30, 2013) (rejecting argument that expert disclosure referencing federal statute's requirements invoked federal jurisdiction under § 1446(b)(3) because "Plaintiffs' state-law negligence claims [did] not necessarily raise a federal question") (punctuation modified).

7

Defendants have made no argument that Plaintiffs' "state-law claim[s] necessarily raise a stated federal issue . . . ," Grable, 545 U.S. at 314, leaving this Court with no choice but to remand Plaintiffs' actions. A contrary result would impermissibly expand this Court's jurisdiction. The settlement of state-law claims may well implicate tax-related or regulatory obligations like reporting requirements under federal law, but this fact does not nullify the principle that "the plaintiff [is] the master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392. Any federal law issue that the settlement may raise has nothing to do with the elements that Plaintiffs would have had to have proven to establish their claims, as those claims are undisputedly based on state law. Having failed to identify a federal issue necessarily raised by Plaintiffs' claims, Defendants have not met their burden of establishing that this Court has jurisdiction, and thus, remand is required. See Gen. Mill, 2019 WL 2714850, at *3.

### III.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiffs' motion (Dkt. 7). The Court remands Plaintiffs' actions to Wayne County Circuit Court.

SO ORDERED.

Dated:  January 10, 2023                         s/Mark A. Goldsmith
     Detroit, Michigan                             MARK A. GOLDSMITH
                                                  United States District Judge